```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  JUN 24 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

STEPHEN S. EDWARDS,

         Plaintiff,

  -against-

BARCLAYS SERVICES CORPORATION, *a Delaware Corporation d/b/a Barclays Bank Delaware*,

         Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 9326 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Stephen S. Edwards brings this action against Defendant Barclays Services Corporation, a Delaware Corporation d/b/a Barclays Bank Delaware, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), and for "bad faith." (Compl., ECF No. 1.) Defendant moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), for sanctions against Plaintiff pursuant to Rule 11(c), and for an injunction prohibiting future filings. (*See* Not. of Mot. to Dismiss the Compl. Pursuant to Fed. R. Civ. Proc. 12(B)(6), ECF No. 10; Not. of Mot. for Sanctions Pursuant to Fed. R. Civ. Proc. 11, ECF No. 12; Def. Barclays Bank Del.'s Mot. for Sanctions ("Def. Sanctions Mem."), ECF No. 13, at 8–10.)

Before this Court is Magistrate Judge Gabriel W. Gorenstein's May 1, 2020 Report and Recommendation (the "Report"), recommending that Defendant's motion to dismiss, motion for sanctions, and request for an injunction be granted.[1] (Report, ECF No. 17, at 1, 17.) Magistrate Judge Gorenstein advised the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule Civil

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

Procedure 72(b), failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 18.) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

### A. Allegations in the Complaint.

Plaintiff alleges that he was issued a credit card by Defendant and then became the victim of identity theft. (Compl. ¶¶ 13–14.) Plaintiff claims that he notified Defendant that his account was compromised and requested an investigation by Defendant into all fraudulent charges on his account. (*Id.* ¶¶ 15–16.) Defendant, however, allegedly "failed and/or refused to investigate the fraudulent charges and failed and/or refused to grant the plaintiff a credit against the fraudulent charges." (*Id.* ¶ 17.) Plaintiff contends that Defendant then "used abusive, harassing and conduct prohibited by 15 USC § 1692k by using mail, telephone and electronic mail to harass, annoy and make fraudulent requests for payment on the Plaintiff." (*Id.* ¶ 18.) Additionally, Plaintiff claims that Defendant entered, and then failed or refused to correct, "inaccurate and/or fraudulent notations" on Plaintiff's personal credit report, causing him to incur damages. (*Id.* ¶¶ 19–21.)

During the process of obtaining a credit card, Plaintiff entered into a credit card agreement with Defendant that "required the parties to enjoy their rights and carry out their obligations with good faith." (*Id.* ¶¶ 23–24.) Plaintiff contends that despite this agreement, "Defendant intentionally failed to act in good faith by engaging in a course of conduct specifically designed to harass and annoy the Plaintiff." (*Id.* ¶ 26.)

### B. The Minnesota Case.

As Magistrate Judge Gorenstein properly recommended, this Court takes judicial notice of a prior action between the parties involved here, which is captioned *Edwards v. Financial*

*Recovery Services (FRS) Inc. et al.*, No. 18 Civ. 1066 (NEB) (DTS) (D. Minn. filed April 23, 2018) (the "Minnesota Action"), as well as the related filings in the Minnesota Action. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A. Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citation omitted).

In the Minnesota Action, Plaintiff similarly alleged that he had a credit card with Defendant, reported fraudulent charges on his account, and Defendant "failed, refused and/or neglected to conduct the requested investigation or take other appropriate remedial action." (Def. Barclays Bank Del.'s 12(b)(6) Mot. to Dismiss Pl.'s Compl. ("Def. MTD Mem."), Ex. A ("Minn. Compl."), ECF No. 11-1, at ¶¶ 14–17.) Plaintiff brought claims against Defendant under the FDCPA, the Minnesota Fair Debt Collection Practices Act ("MFDCPA"), and the Minnesota Consumer Fraud Act ("MCFA"). (Minn. Compl. ¶¶ 6, 10, 14, 28–34.) Despite naming "Barclays Bank Inc. et al." in his complaint, Plaintiff identified "Barclays Bank Delaware" throughout the complaint, (*see, e.g., id.* ¶¶ 2, 3, 5, 11, 14), and the Minnesota court deemed the correct defendant to be "Barclays Bank Delaware," (*see* Def. MTD Mem., Ex. C ("Minn. MTD Order"), ECF No. 11-3, at 1 n.1).

Subsequently, Defendant filed a motion to dismiss in the Minnesota Action, and Plaintiff brought a motion for judgment on the pleadings. (Def. Sanctions Mem., Ex. C-2 ("Minn. MTD R&R"), ECF No. 13-4, at 1.) In the Report and Recommendation that followed, the magistrate judge found that Plaintiff failed on all three of his claims against Defendant and recommended that Plaintiff's motion for judgment on the pleadings be denied and all claims against Defendant be dismissed. (*Id.* at 4–7.) The district judge overruled all of Plaintiff's objections and adopted in

full the magistrate judge's Report and Recommendation, and thus granted the dismissal of "Barclays Bank Delaware." (Minn. MTD Order at 1–5.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Where no objections have been made, a magistrate judge's report is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 246–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Rule 12(b)(6) Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may assert a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive such a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). Where this plausibility standard is not met and the court is not able to "infer more than the mere possibility of misconduct" the Plaintiff has not stated a claim that he is entitled to relief under Federal Rule of Civil Procedure 8(a). *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

4

## C. Rule 11 Motion for Sanctions.

Under Federal Rule of Civil Procedure 11, sanctions may be imposed "when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). Rule 11 "is targeted at situations where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 34 (2d Cir. 1992) (citation omitted). "[E]ven when a district court finds a violation of Rule 11, '[t]he decision whether to impose a sanction . . . is . . . committed to the district court's discretion.'" *Ipcon*, 698 F.3d at 63 (second alteration in original) (citation omitted). "[S]anctions should be imposed with caution," *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 88 (2d Cir. 1998), and "should be reserved for extreme cases," *Sorenson v. Wolfson*, 170 F.Supp.3d 622, 626 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x 33 (2d Cir. 2017); *see also E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008) ("Courts may issue Rule 11 sanctions only in extraordinary circumstances." (citations omitted)).

## D. *Pro Se* Plaintiffs.

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). While the review of a *pro se* complaint for sufficiency requires such "special solicitude," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)), the pleadings of these plaintiffs must still "contain factual allegations sufficient to raise a right to relief above the speculative level," *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555).

## E. Res Judicata.

"[T]he doctrine of res judicata, or claim preclusion, provides that a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Carlen v. Dep't of Health Servs.*, 104 F.3d 351, 351 (2d Cir. 1996) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Res judicata prohibits re-litigation where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privy with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

## III. PLAINTIFF'S CLAIMS ARE DISMISSED ON GROUNDS OF RES JUDICATA

Magistrate Judge Gorenstein appropriately found that dismissal of this action is warranted, given Plaintiff's claims are barred by the doctrine of res judicata. As Magistrate Judge Gorenstein correctly found, "the doctrine of res judicata plainly bars Edwards' claims [in this Court]." (Report at 6.) Here, the three requirements stated above are met as (1) "the Minnesota court dismissed Edwards' claims against Barclays on the merits," (2) "Edwards and Barclays were both parties to the Minnesota action," and (3) "the claims raised here either could have been raised or actually were raised before the court in Minnesota." (*Id.*)

With regard to the third requirement, though Plaintiff raised his FDCPA claim in the Minnesota Action, (*see* Minn. Compl. ¶¶ 6, 28–30), he did not raise the "bad faith" claim in that action. This fact alone does not overcome the issues of claim preclusion, because courts do not look for identical claims, but rather whether the new lawsuit "involves the same 'claim' or— 'nucleus of fact'—as the first suit." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008) (citations omitted). As Magistrate Judge Gorenstein correctly pointed out, "Edward's

6

bad-faith claim in this case stems from the same alleged harassment and misreporting on his credit report as his claims in the Minnesota case." (Report at 7 (*comparing* Compl. ¶¶ 25–26, *with* Minn. Compl. ¶¶ 19–21, 32, 34).) Therefore, because the bad faith claim arose from the same nucleus of operative facts, and thus could have been brought before the Minnesota court, "the third element of res judicata is met." (Report at 7.)

To oppose dismissal, Plaintiff has invoked the fraud exception to res judicata. (*See* Pl.'s Response to Mot. to Dismiss ("Pl. MTD Opp'n"), ECF No. 14, at 2, 5.) "[T]he fraud exception to res judicata is limited." *In re Layo*, 460 F.3d 289, 292–93 (2d Cir. 2006). In order for this exception to apply, the plaintiff must show that "evidence was either fraudulently concealed or . . . it could not have been discovered with due diligence." *Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991) (citation omitted). In the case at bar, Plaintiff "has not alleged with the particularity required" in order to properly assert the fraud exception to res judicata. *Rafter v. Liddle*, 704 F. Supp. 2d 370, 377 (S.D.N.Y. 2010). Plaintiff has both failed to explain what specific fraud Defendant committed on the Court, as well as what new evidence has been discovered to support his fraud claim. (Report at 7–8.) Furthermore, Plaintiff's fraud exception claim fails because he has not sought relief from the court that originally rendered the judgment: the Minnesota district court. (Report at 8 (citing *Pentagen Techs. Int'l Ltd. v. CACI Int'l Inc.*, 282 F. App'x 32, 34 (2d Cir. 2008) (summary order); *accord Perry v. Estates of Byrd*, No. 13 Civ. 1555 (ALC) (FM), 2014 WL 2998542, at *5 (S.D.N.Y. July 3, 2014)).)

Finally, Plaintiff attempts to avoid a res judicata ruling on his claims by asserting that Defendant was "not a party" to the Minnesota action. (Pl. MTD Opp'n at 2, 5.) Such an assertion fails to properly meet the requirements of res judicata and misconstrues the realities of the previous proceeding. As an initial matter, res judicata does not require that the parties involved in both

7

proceedings be identical, but rather that the parties in the two proceedings are "in privity" with each other. *Soules*, 882 F.3d at 55 (citation omitted). As Magistrate Judge Gorenstein correctly noted, "Edwards himself has recognized [that] the party named originally in the Minnesota proceeding, 'Barclays Bank Inc.,' and Barclays Bank Delaware are in privity with each other." (Report at 8 (citations omitted).) Additionally, the Minnesota court eventually deemed "Barclays Bank Delaware" as the proper party in those proceedings, rather than "Barclays Bank Inc." (Minn. MTD Order at 1 n.1.) Given that this is the same party against whom Plaintiff brought a case in this Court, the privity element of res judicata is met.

## IV. DEFENDANT'S MOTION FOR SANCTIONS IS GRANTED

Magistrate Judge Gorenstein also recommends that Defendant's motion for sanctions be granted with an award of reasonable expenses, as well as injunctive relief.

### A. Rule 11 Sanctions are Appropriate in Light of Plaintiff's Litigation History.

As a preliminary matter, and as correctly noted by Magistrate Judge Gorenstein, Defendant has met the technical requirements for making a motion for sanctions by filing its motion separately from other motions and complying with the "safe harbor" provision of Rule 11. (*See* Report at 10.)

*Pro se* litigants are not exempt from following the Federal Rules of Civil Procedure. *See Triestman*, 470 F. 3d at 477. "Although courts may afford them greater leniency, *pro se* litigants are not immune from Rule 11 sanctions." *Ferguson v. Comm'r of Tax and Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018). However, in considering whether to impose sanctions, "the court may consider the 'special circumstances of litigants who are untutored in the law,'" as well as "whether the litigant has been warned of the possible imposition of sanctions." *Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (citations omitted).

As Magistrate Judge Gorenstein pointed out, Plaintiff may accurately be described as "a serial litigator." (*Id.* at 11.) In arriving at this conclusion, Magistrate Judge Gorenstein noted that Plaintiff "has been sanctioned by state and federal courts in Arizona," has brought over 40 cases in Arizona state court, and "has at least six federal cases currently pending in other jurisdictions." (*Id.*) These cases also include several proceedings in which "Edwards alleges 'fraud on the court.'" (*Id.*) Moreover, "[i]n addition to the sheer number of lawsuits he has filed, Edwards' litigation tactics are disturbing." (*Id.*) Going back to the Minnesota Action, Plaintiff has demonstrated a pattern of hostile and harassing behavior. For instance, despite having been admonished by the Minnesota district court, Plaintiff has seemingly continued his behavior in the current action. (*See id.* at 12 (citing Minn. MTD Order at 3 n.5).) Plaintiff has also failed to rebut Defendant's claims that he has sent "hostile and degrading emails," "placed multiple telephone calls," and has even gone as far as sending harassing messages to Defense counsel's personal cell phone. (Def. Sanctions Mem. at 4; Report at 12.)

Magistrate Judge Gorenstein aptly noted that "[c]ourts have imposed sanctions where plaintiffs knew or should have known that their claims were repetitive, or barred by res judicata." (*See* Report at 12; *see also Ginther v. Provident Life and Cas. Ins. Co.*, 350 F. App'x 494, 496 (2d Cir. 2009).) Indeed, Plaintiff "was fully aware that the current case was frivolous and vexatious" considering his robust prior experience with the doctrine of res judicata in prior actions. (Report at 12–13.) And it is additionally telling that Plaintiff has declined to respond to Defendant's motion for sanctions in this action.

Under Rule 11, sanctions must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situation." Fed. R. Civ. P. 11(c)(4). "[A] district court has broad discretion to tailor appropriate and reasonable sanctions under Rule 11, . . .

9

including attorney's fees where warranted." *Lawrence v. Wilder Richman Sec. Corp.*, 417 F. App'x 11, 15 (2d Cir. 2010) (citations and brackets omitted). "While we are mindful that attorney's fees should only rarely be awarded against plaintiffs proceeding *pro se*, such an award is appropriate where, as here, the district court's determination that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so,' finds support in the record." *Bauer v. Yellen*, 375 F. App'x 154, 156 (2d Cir. 2010 (quoting *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)). In light of the dismissal of Plaintiff's Minnesota Action, his previous experience with the doctrine of res judicata, and his continued pursuit of these claims despite Defendant's motion to dismiss and motion for sanctions, an award to Defendant for its reasonable expenses in moving to dismiss is an appropriate sanction. (*See* Report at 13–14.)

Accordingly, Defendant is hereby directed to submit a petition for its reasonable expenses incurred in bringing its motion to dismiss to the Magistrate Judge within 21 days of the entry of this Memorandum Decision and Order.

## B. Injunctive Relief is Appropriate to Enjoin Plaintiff from Further Repeated Litigation.

As noted in the Report, "[a]n injunction against future lawsuits is an available remedy in appropriate circumstances and has been applied where litigants file repeated lawsuit[s] relating to the same case." (*Id. at* 14); *see also Satterfeld v. Pfizer, Inc.*, No. 04 Civ. 3782 (KMW) (GWG), 2005 WL 1765708, at *2 (S.D.N.Y. July 18, 2005) (Enjoining plaintiff "from instituting any new action, in state or federal court, based on the acts complained of in this litigation" due to repeated attempts to litigate). This Court derives not only the authority to enforce such an injunction from both the All Writs Act, 28 U.S.C. § 1651(a), *see Safir v. U.S. Lines, Inc.*, 792 F.2d 23–25 (2d Cir. 1986), as well as its inherent authority, *see Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004), but also maintains the "constitutional obligation to protect [its] jurisdiction from conduct

which impairs [its] ability to carry out Article III functions," *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984).

In this Circuit, a court must consider five factors in determining whether an injunction against further litigation is appropriate:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Here, as Magistrate Judge Gorenstein correctly found, a consideration of "each of these [5] factors favors the issuance of an injunction." (Report at 16.) Plaintiff's extensive litigation history involving different state and federal courts, which has "caused needless expense to Barclays in these suits and an unnecessary burden to the courts that have been forced to adjudicate them." (*Id.*) Ultimately, "[i]n determining whether to restrict a litigant's future ability to sue, a court must consider 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 713–14 (2d Cir. 2019). Plaintiff's demonstrated history of vexatious, harassing, and repeated litigation suggest that "in the absence of an injunction ... Edwards would continue to file lawsuits." (Report at 16 (citing *Lacy*, 317 F. Supp. 2d at 449).)

Plaintiff is hereby enjoined from filing any new action in connection with any credit card issued to Plaintiff by Defendant, or related to the facts or claims in his prior lawsuits against Defendant. Any violation of this injunction will be treated as a contempt of Court. Furthermore, "because courts have recognized that 'vexatious litigants may be sanctioned in a way which limits the litigant's ability to initiate new actions unless the litigant first complies with certain

11

conditions,'" *Satterfeld*, 2005 WL 1765708 at *2, this Court imposes the following requirement with respect to any future litigation filed by Plaintiff: (1) Plaintiff is ordered to annex to any complaint or other initial pleading in any future litigation, on any subject, a copy of this Memorandum Decision and Order; (2) Plaintiff is required to include an attestation under penalty of perjury that the cause of action stated in his suit does not violate this injunction, and does not relate either directly or indirectly to his credit card with Defendant or to any prior litigation with Defendant; and (3) any initial filing that does not include such an attestation or a copy of this Memorandum Decision and Order should be summarily dismissed pursuant to the terms of this injunction and should subject Plaintiff to further sanctions or contempt of Court.

## V. CONCLUSION

Magistrate Judge Gorenstein's Report is ADOPTED. Defendant's motion to dismiss, (ECF No. 10), is GRANTED. Defendants motion for sanctions, (ECF No. 12), is GRANTED. Plaintiff is enjoined from future litigation related to the claims herein, pursuant to this Memorandum Decision and Order.

Dated: New York, New York
      June 23, 2020

                                          SO ORDERED.

                                          GEORGE B. DANIELS
                                          United States District Judge