*[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: FEB 18 2021]*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------ x
STEPHEN S. EDWARDS,

                Plaintiff,

     -against-

BARCLAYS SERVICES CORPORATION, *a Delaware Corporation d/b/a Barclays Bank Delaware*,

                Defendant.
------------------------------------------ x

MEMORANDUM DECISION
AND ORDER

19 Civ. 9326 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Stephen S. Edwards brought this action against Defendant Barclays Services Corporation, a Delaware Corporation doing business as Barclays Bank Delaware ("Barclays"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), and for "bad faith." (Compl., ECF No. 1.) On June 24, 2020, this Court adopted Magistrate Judge Gabriel W. Gorenstein's Report and Recommendation, granting Defendant's motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and awarded Barclays "its reasonable expenses in moving to dismiss" pursuant to Rule 11 (the "June 24, 2020 Decision"). *Edwards v. Barclays Servs. Corp.*, No. 19 Civ. 9326 (GBD)(GWG), 2020 WL 3446870, at *5 (S.D.N.Y. June 24, 2020). On July 15, 2020, Barclays filed a motion for attorneys' fees. (*See* Not. of Mot. for Attorney Fees, ECF No. 25.) In response, Plaintiff filed a motion to deny legal fees. (Mot. to Deny Legal Fees to Barclays Bank Because Federal Questions Remain & Because Judgment is Frivolous ("Plaintiff's Mot."), ECF No. 33.) Subsequently, Barclays filed its reply on August 13, 2020. (Def. Barclays Bank Delaware's Reply in Supp. of Pet. for Attorney's Fees and Opp'n to Pl.'s Mot. to Deny Legal Fees, ECF No. 34.)

Before this Court is Magistrate Judge Gorenstein's October 13, 2020 Report and Recommendation (the "Report"), recommending that this Court grant Defendant's motion for attorneys' fees.[1] (Report, ECF No. 38, at 5.) Magistrate Judge Gorenstein advised the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule Civil Procedure 72(b), failure to file timely objections to the Report would constitute a waiver of any objections on appeal. (*Id.* at 6.)

On October 27, 2020, Plaintiff filed a document entitled "Motion to Deny Barclays Legal Fees of $7,368.00 and for Judge Gorenstein to Recuse Himself for Frivolous Conduct Vacate Dismissal Remand to New Judge for Jury Trial to Preserve Due Process."[2] (*See* ECF No. 39.) Having reviewed the Report, as well as Plaintiff's objections, this court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). Under *de novo* review, the district court must "arrive at its own, independent conclusion" regarding those portions of the report to which

---

[1] The relevant factual and procedural background is set forth in greater detail in Magistrate Judge Gorenstein's May 1, 2020 Report and Recommendation, *see Edwards v. Barclays Servs. Corp.*, 2020 WL 2087749, at *1–2 (S.D.N.Y. May 1, 2020), and is incorporated by reference herein.

[2] This Court construes Plaintiff's motion as his timely objections to Magistrate Judge Gorenstein's Report. To the extent Plaintiff's motion can be construed as a third motion for reconsideration, such a motion is improper and is DENIED for the reasons stated in this Court's Memorandum Decision and Order dated June 24, 2020, (ECF No. 18), and the subsequent Order dated July 6, 2020, (ECF No. 21). Similarly, Plaintiff's motion for oral argument regarding fraud upon the court is DENIED for the same reasons. (*See* Mot. for Oral Argument Regarding Fraud Upon the Court, ECF No. 35.)

objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Those portions of a report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper— because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. *Pro Se* Plaintiffs.

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). While the review of a *pro se* complaint for sufficiency requires such "special solicitude," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)), the pleadings of these plaintiffs must still "contain factual allegations sufficient to raise a right to relief above the speculative level," *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555).

### II. DEFENDANT'S MOTION FOR ATTORNEYS' FEES IS GRANTED

As an initial matter, Plaintiff's objections fail to address the substance of the Report or its legal reasoning, makes conclusory allegations, and presents arguments that rehash arguments previously rejected by this Court. Therefore, Plaintiff's objections are overruled, and this Court reviews the Report for clear error.

3

Magistrate Judge Gorenstein appropriately recommends that Barclays should be awarded attorneys' fees in the amount of $7,368 for the 23.2 hours expended by Barclays' attorneys in connection with Barclays' motion to dismiss.[3] (Report at 5.) First, Magistrate Judge Gorenstein correctly points out that the hourly rate set for each attorney is reasonable. (*Id.* at 3.) Barclays was represented by four attorneys of Reed Smith, LLP, an international law firm. (*Id.*) The attorneys billed substantially discounted rates before Barclays knew it would be reimbursed for its attorneys' fees.[4] (Report at 3–4.) Second, as Magistrate Judge Gorenstein correctly notes, the number of hours expended by each attorney is reasonable because the hours expended are in connection with Barclays' well-written memoranda of law successfully dismissing this action. (Report at 4–5.) Barclays' attorneys submitted sufficiently detailed invoices, that included entries made "at or near the time of their stated date, and the timekeepers reporting their time had a professional, ethical, and business duty to record their time accurately."[5] (*Id.* at 4 (citing White Decl. ¶ 18.) Plaintiff does not oppose the hourly rates, or the number of hours sought by Barclays.

Accordingly, as Magistrate Judge Gorenstein correctly recommends, Barclays is awarded $7,368 in attorneys' fees.[6] (Report at 5.)

---

[3] On June 24, 2020, this Court adopted Magistrate Judge Gorenstein's recommendation to award Barclays its attorneys' fees because Plaintiff is a "serial litigator," who has "previous experience with the doctrine of res judicata in prior actions" so he "was fully aware that the current case was frivolous and vexatious." (June 24, 2020 Decision, at 9–10.) Moreover, Plaintiff has exhibited a "pattern of hostile and harassing behavior" in the present case "despite having been admonished by the Minnesota district court" for similar behavior in Plaintiff's previously filed lawsuit. (*Id.*)

[4] Because Mr. White only affirms the rate of $290 per hour, this Court awards fees based on this rate as opposed to the slightly higher rate billed during October 2019. (*See* Report at 3 (citing Exhibit 1, ECF No. 26-1, at 108–111.)

[5] Barclays has not sought reimbursement for the hours charged in the portions of the invoices that are redacted entries. (*See* Report at 4 n.4 (citing Decl. of Brandon T. White in Support of Attorneys' Fees and Expenses ("White Decl."), ECF No. 26, ¶¶ 14, 16–17).)

[6] As a result of the finding in footnote 3, the award is $40 less than the amount requested by Barclays. (*See* Report at 5 n.5.)

4

### III. CONCLUSION

Magistrate Judge Gorenstein's Report is ADOPTED. Defendant's motion for attorneys' fees, (ECF No. 25), is GRANTED. Plaintiff's motions in opposition, (ECF Nos. 35 and 39), which have been considered as objections, are DENIED.

Dated: New York, New York
      February 17, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge